# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES NIECE GAINES,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:11-cv-295-Orl-28DAB**

**CHAD COOPER,  CITY OF MELBOURNE**
**FLORIDA POLICE DEPARTMENT,**

      **Defendants.**

_____

**CHARLES NIECE GAINES,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:11-cv-347-Orl-28DAB**

**CITY OF MELBOURNE FLORIDA**
**POLICE DEPARTMENT, CHAD COOPER**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration with a hearing[1] on the status of these two identical cases and Plaintiff's desire to have one or both cases remanded to the state circuit court for Brevard County. *See* Doc. 8 in Case No. 6:11-cv-295 (dated March 2, 2011, attempting to delete federal § 1983 civil

---

[1] A hearing was heard on April 18, 2011.

rights and constitutional claims from his Complaint); Doc. 8 in Case No. 6:11-cv-347 (dated March 24, 2011 moving to amend complaint to delete federal claims).

At the hearing, Plaintiff represented that his intention was to drop the federal claims in both cases – the latter case, No. 6:11-cv-347, had been filed originally in this Court just to make sure his claims were not dismissed altogether – and pursue the lower numbered case, No. 6:11-cv295, in state court exclusively on the state tort claims asserted there. Plaintiff does not at this time intend to assert any federal claims against the City of Melbourne Police Department or Officer Chad Cooper. Plaintiff was repeatedly advised that, having decided he does not wish to litigate in federal court, he will not be able to pursue any federal law claims in his state court action following remand.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 8) in his lowered numbered case, No. 6:11-cv-295, be **GRANTED** and the case be **REMANDED** to the state court from which it was removed; Plaintiff's Motion to Dismiss without Prejudice (Doc. 19) be **DENIED** as moot[2].

It is further respectfully **RECOMMENDED** that Plaintiff's subsequent case, No. 6:11-cv-347, be **DISMISSED without prejudice**, subject to refiling in state court if Plaintiff so desires[3]. *See* 28 U.S.C. § 1367(d) (tolling for 30 days the period of limitations for any claim voluntarily dismissed when the federal claim is dismissed).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] Plaintiff apparently filed the Motion to Dismiss Without Prejudice in an attempt to have the case heard in state court. Doc. 19.

[3] Alternatively, Plaintiff may seek leave in the state court to amend the complaint being remanded in Case No. 6:11-cv-295.

Recommended in Orlando, Florida on April 19, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy